IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HORACE J. GRIFFIN, Inmate #N-11861,**

**Plaintiff,**

**vs.**

**L.T. JENNINGS,**

**Defendant.**                                                    **No. 04-CV-00110-DRH**

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

On January 28, 2005, the Court conducted a preliminary review of this case pursuant to **28 U.S.C. § 1915A** and dismissed Plaintiff's claims regarding medical care and disciplinary actions against Defendants Maggie Brown, Major Gaetz, L.T. Henten, Guy D. Pierce, and C/O Officer Roy. **(Doc. 44, Mem. & Order dated Jan. 28, 2005)**. On February 22, 2005, Plaintiff filed a motion to reconsider the Court's threshold Memorandum and Order. **(Doc. 47)**.

On April 25, 2005, Magistrate Judge Clifford J. Proud submitted a Report and Recommendation ("Report") proposing that the Court deny Plaintiff's motion for reconsideration. **(Doc. 62)**. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. Plaintiff filed timely objections. **(Doc. 64)**. Since timely objections have been filed, this Court must undertake *de novo* review of the Report. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); S.D. ILL. LOCAL R. 73.1(b);** *Govas v. Chalmers,* **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may

"accept, reject or modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. ***Id.***

Plaintiff brings a motion to reconsider. Strictly speaking, a motion to reconsider does not exist under the Federal Rules of Civil Procedure. ***Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994)**, *cert. denied,* **515 U.S. 1132 (1995)**. Despite this fact, such motions are routinely presented, and this Court will consider them if timely-filed. If filed within ten days of the entry of a judgment or order in the case, the motions are construed as motions to alter or amend under **FEDERAL RULE OF CIVIL PROCEDURE 59(e)**. *See **Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997)("the key factor in determining whether a 'substantive motion' is cognizable under Rule 59 or 60 is its timing")**; ***Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir.)**, *cert. denied,* **516 U.S. 1011 (1995)("any post-judgment substantive motion that is made within ten days of the entry of judgment is deemed a Rule 59(e) motion")**. The Court will presume Plaintiff's motion to reconsider was filed within ten days of the Order he challenges[1] and apply **RULE 59(e)**.

---

[1]The mailbox rule provides a paper is "filed" at the moment of delivery to the prison authorities, rather than at a later point in time after the authorities had forwarded the notice to the court and the court had formally recorded its receipt. *See **Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001)(mailbox rule applies to motions filed pursuant to Rule 59(e))**. Here, it may be the case that Plaintiff delivered his motion to the prison authorities on February 16, 2005, after the expiration of the 10-day period. Nevertheless, the Court will give Plaintiff the

**RULE 59(e)** motions to reconsider serve the limited function of allowing litigants "to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact." ***Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996);** *see also **Divane v. Krull Electric Co., Inc.,* 194 F.3d 845, 850 (7th Cir. 1999)**. The Seventh Circuit has clarified:

> While Rule 59(e) permits parties to bring to the court's attention errors so they can be corrected without the costs associated with appellate procedure, "[t]he rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment."

***Popovits v. Circuit City Stores, Inc.,* 185 F.3d 726, 730 (7th Cir. 1999)(quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996))**.

Here, the Court finds that Plaintiff has neither presented newly discovered evidence nor identified a manifest error of law or fact. Plaintiff points out that the Court noted in its threshold Order that "[t]he complaint is rambling and Plaintiff's writing is difficult to read." **(Doc. 44, Mem. & Order filed Jan. 28, 2005 at p. 2)**. This is true. However, the Court went on to say that "after a careful reading of the complaint, fortunately supplemented by exhibits consisting of institutional documents, the Court glean[ed] the following information." **(*Id.*)** The Court then summarized, in abbreviated format, the allegations contained in

---

benefit of the doubt and apply the more liberal standard under **RULE 59(e)**.

Plaintiff's complaint.  Plaintiff's objections, although long, provide no compelling reason for this Court to reconsider its threshold Memorandum and Order. Accordingly, the Court **ADOPTS** the Report **(Doc. 62)** and **DENIES** Plaintiff's motion for reconsideration of the Court's threshold Memorandum and Order.  **(Doc. 47)**.

      **IT IS SO ORDERED.**

Signed this 20th day of July, 2005.

                                            /s/   David RHerndon
                                            **United States District Judge**