IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HORACE J. GRIFFIN,**

    **Plaintiff,**

v.

**GUY D. PIERCE, et al.,**

    **Defendants.**                                               Case No. 04-CV-110-DRH

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Defendant Jennings filed a Motion for Summary Judgment (Doc. 51) and supporting memorandum (Doc. 52). The basis of Defendant's Motion for Summary Judgment is that Plaintiff failed to exhaust his administrative remedies, as required by **42 U.S.C. § 1997e(a)** (Doc. 52, pp. 3-5), and is legally prohibited from bringing forth this suit. Plaintiff filed an opposing Response (Doc. 66), in which he asserts he has made a good faith attempt to exhaust such administrative remedies and should therefore be allowed at this juncture to continue with the instant suit. In the alternative, Plaintiff has requested an extension of time so that he may properly exhaust his administrative remedies (Doc. 66).

This matter now comes before the Court on a Report and Recommendation ("R&R") filed by Magistrate Judge Philip Frazier on February 17,

2006, pursuant to **28 U.S.C. § 636(b)(1)(B)** (Doc. 83). The R&R advises the Court to grant Defendant's Motion for Summary Judgment (Doc. 51) due to a finding that Plaintiff has failed to properly exhaust his administrative remedies as required by **42 U.S.C. § 1997e(a)**, and thereby dismiss Plaintiff's claim without prejudice (Doc. 83, p. 6).

## II. FACTUAL BACKGROUND

This case involves an action filed by plaintiff Horace J. Griffin, *pro se*, pursuant to **42 U.S.C. § 1983** (Doc. 1), against several defendants. However, the only remaining claim against the only remaining Defendant is Plaintiff's allegation of excessive force committed by defendant Jennings against Plaintiff (*see* Doc. 44).

To briefly summarize, Plaintiff alleges that on September 3, 2003, while incarcerated at the Lawrence Correctional Center, he was subjected to excessive force by Defendant (who is a Correctional Officer) (Doc. 44, p. 2). The allegations suggest Plaintiff was involved somehow in an altercation and Defendant was thereafter requested by a fellow correctional officer to place Plaintiff in handcuffs and take him to segregation (*Id.*) Plaintiff alleges that the handcuffs were severely tight, which caused his wrists to bleed and swell and also injured his back (*Id.* at 2, 5). As such, the Court determined Plaintiff had plead a valid claim of excessive force, constituting cruel and unusual punishment in violation of the Eighth Amendment (*Id.* at 5-6).

### III.  ANALYSIS

A.  LEGAL STANDARD

    1.  *De Novo* Review

Because Plaintiff filed timely objections to the Report (pursuant to the extension of time he was granted and the mailbox rule), this Court must undertake *de novo* review of the objected-to portions of the Report. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers***, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject, or modify the recommended decision." *Willis v. Caterpillar Inc.***, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id*.

    2.  **Summary Judgment**

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Oats v. Discovery Zone***, 116 F.3d 1161, 1165 (7th Cir. 1997)** (citing *Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986)**). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.***, 123 F.3d 456, 461 (7th Cir. 1997)** (citing *Celotex***, 477 U.S. at 323**). In reviewing a summary judgment motion, the Court does not

determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***Celex Group, Inc. v. Executive Gallery, Inc.*, 877 F. Supp. 1114, 1124 (N.D. Ill. 1995) (Castillo, J.)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. ***Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998)** (citing ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)**).

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings. Rather, she must show through specific evidence that an issue of fact remains on matters for which she bears the burden of proof at trial. ***Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994)**, *aff'd*, **51 F.3d 276** (citing ***Celotex*, 477 U.S. at 324**). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson*, 477 U.S. at 249-50** (citations omitted); *accord* ***Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996)**; ***Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**. "[P]laintiff's own uncorroborated testimony is insufficient to defeat a motion for summary judgment." ***Weeks*, 126 F.3d at 939**. Further, Plaintiff's own subjective belief does not create a genuine issue of material fact. ***Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997)**.

### 3. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act, **42 U.S.C. § 1997e(a)**, "No action shall be brought with respect to prison conditions under **section 1983** of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of administrative remedies is a precondition to suit, and is required before a suit can be brought, ***Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 535-36 (7th Cir. 1999)**, regardless of the nature of relief sought. ***Booth v. Churner*, 532 U.S. 731, 741 (2001)**. It "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle*, 534 U.S. 516, 532 (2002)**. Exhaustion must occur before a suit is filed, ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004)**, and requires that prisoners "properly take each step within the administrative process." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**.[1]

### 4. Grievance Procedures

#### a. Standard Grievance Procedure

The grievance procedures applicable to the Illinois Department of Corrections are set forth in Title 20 of the Illinois Administrative Code, Sections

---

[1] The Court must look to Plaintiff's status at the time his suit was filed. ***Wizke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004)**. Because Plaintiff was a prisoner at that time, **section 1997e(a)** applies here.

504.800 through 504.850. First, an inmate must attempt to informally resolve the grievance through his grievance counselor. However, if such grievance remains unresolved or requires disciplinary proceedings, the inmate may file a written grievance on a grievance form to the facility Grievance Officer (appointed by the Chief Administrative Officer ("CAO")) within 60 days from when the incident giving rise to the grievance was discovered. **ILL. ADMIN. CODE tit. 20, § 504.810**.

The Grievance Officer must then consider the filed grievance and report his or her findings and recommendations to the CAO. **ILL. ADMIN. CODE tit. 20, § 504.830**. The CAO is then required to advise the inmate of his or her decision within two months (where reasonably feasible under the circumstances) after receipt of the filed written grievance. *Id.* If the inmate does not feel the issue has been appropriately resolved after receiving the CAO's response, he or she may appeal in writing (with copies of the Grievance Officer's report and CAO's decision attached) to the Director of the Department within 30 days after the date of the CAO's decision. **ILL. ADMIN. CODE tit. 20, § 504.850**.

Upon review, the Director shall determine whether a hearing before the Administrative Review Board ("ARB") on the inmate's grievance appeal is warranted. *Id.* The Director must then advise the inmate of his or her decision in writing. *Id.* If a hearing on the grievance is warranted, the ARB shall meet to conduct the hearing, thereafter submitting its findings and recommendations in a written report to the Director. *Id.* The Director shall review the ARB's report and make a final

determination on the grievance within 6 months (where reasonably feasible under the circumstances) after receipt of the appealed grievance, sending a copy of the final decision to the inmate. *Id.*

### b.     Emergency Grievance Procedure

If the grievance instead requires immediate attention, the inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO. **ILL. ADMIN. CODE tit. 20, § 504.840**. If the CAO determines there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance shall then be handled on an emergency/expedited basis, whereby the CaO will respond to the inmate to indicate the action which shall or which has already been taken. *Id.* The inmate may appeal the CAO's finding by using the same appeals process as required for standard grievances. **ILL. ADMIN. CODE tit. 20, § 504.850**.

### B.     WHETHER PLAINTIFF EXHAUSTED HIS ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Defendant argues that Plaintiff has failed to exhaust his administrative remedies regarding his excessive force grievance, and therefore the instant suit should be dismissed, pursuant to **42 U.S.C. § 1997e(a)** (Docs. 51 & 52). Specifically, Defendant states "unless a decision has been rendered by the Administrative Review Board, plaintiff has not fully exhausted his administrative

remedies"[2] (Doc. 52, p.4).  In support of his Motion, Defendant attached the Affidavit of Douglas A. Cravens as Exhibit 1 (Doc. 52, Ex. 1).

In his affidavit, Cravens states he has the current Chairperson for the ARB in the office of Inmate Issues, in the Illinois Department of Corrections (the "Department") since November, 2000. (*Id*. at ¶ 1).  Cravens continues to map out the grievance procedures followed within the Department, which appear to follow the procedures set for in Title 20 of the Illinois Administrative Code, Sections 504.800 through 504.850.  The caveat is that the Department seems to allow the ARB to review the appeal of the CAO's decision to determine whether a hearing is necessary, instead of this being the CAO's responsibility (*Id*. at ¶ 3).  Nevertheless, Cravens's affidavit states that the ARB maintains originals of the documents regarding the appealed grievance, the subsequent written report of findings and recommendations, and the ultimate determination (*Id*.).

Further according to Cravens, he searched the ARB's records in regards to Plaintiff's grievance regarding excessive force used by Correctional Officer Jennings on September 3, 2003, and was unable to locate any finalized grievances in Plaintiff's file (*Id*. at ¶ 7).  Relying on this information, Defendant asserts that it conclusively shows Plaintiff did not exhaust his administrative remedies before filing this suit.

---

[2] However, in reviewing the codified grievance procedures, it appears that a written grievance may not actually reach the ARB if, on appeal, the CAO determines a hearing is unnecessary.  **ILL. ADMIN. CODE tit. 20, § 504.850**.  So, it is possible that the "last stop" for Plaintiff's grievance may actually have been with the CAO.

Plaintiff's opposing Response to Defendant's Motion for Summary Judgment (Doc. 66) includes an affidavit of Plaintiff, which states that on September 16, 2003, he filed an emergency grievance pertaining to his excessive force claim with the CAO, and thereafter with his correctional counselor and Grievance Officer (*Id.*, Exs. and Affidavit of Griffin). Plaintiff then states that upon receiving responses from the warden and counselor, he forwarded his grievance on to the ARB on or about November 13, 2003 (*Id.*) Plaintiff also states he received his grievance back from the ARB, which he then proceeded to forward to the Department, where it has allegedly been "intentionally disregarded" (Doc. 66, p. 17).

In his Affidavit, filed with his Response, he indicates that he filed an emergency grievance, but it was ultimately returned by the ARB on or about December, 2003, stating that it was untimely, according to the Department's Rule 504 (*Id.* at 22). Plaintiff also indicates that he sent a letter to Mary Hodge, Chief of Investigations and Intelligence for the Department in an effort to obtain relief, as he alleges the Department was deliberately disregarding his grievances. Plaintiff attaches two letters sent by Ms. Hodge to Plaintiff as exhibits to his Affidavit.

The first letter is dated December 29, 2003, in which Ms. Hodge responds to Plaintiff in regards to his complaint about not receiving medical care and also not receiving state pay. This letter did not address Plaintiff's excessive force grievance specifically, but does state that she was unable to find any medical notes to reflect Plaintiff reported any injuries stemming from his alleged staff assault.

However, this letter in no way indicates Plaintiff followed appropriate administrative procedures when filing his excessive force grievance and is therefore not helpful to further Plaintiff's argument.

The second letter is dated January 26, 2004, to which Ms. Hodge responds to Plaintiff's request for copies of certain grievances/responses as well as describes the appropriate procedure and time restrictions for filing grievances. Similar to Ms. Hodge's previous letter to Plaintiff, this does not advance Plaintiff's argument that he followed proper administrative procedures.

In his objections to the R&R (Doc. 89), Plaintiff indicates that various "exhibits" demonstrate that he made a good faith effort to comply with and exhaust his administrative remedies.  Plaintiff also refers the Court to review another case involving a § 1983 action filed by Plaintiff – *Griffin v. Walls*, **Case No. 03-CV-61-DRH-DGW** - specifically a Status Motion, filed on December 28, 2003.  As Plaintiff has not specified as to *which* exhibits he refers, the Court is not able to review them, as it cannot decipher any exhibits which may be germane to the issues regarding exhaustion of administrative remedies.  Further, in Plaintiff's other case, there is no filing dated December 28, 2003, or anytime near that month, nor is there a Status Motion filed on December 28, 200**4** (taking into account Plaintiff may have stated the year incorrectly).  The Court cannot determine what point Plaintiff was trying to make regarding that particular reference.

Plaintiff has not introduced any evidence to prove that he exhausted his

administrative remedies (or made a good faith attempt to do so) before filing the instant suit. Plaintiff might have attempted to attach copies of his written grievances and the accompanying responses, to indicate their existence as well as the dates of filing. He did not. Given the fact that it is standard procedure that each filer of a grievance receive a copy of the final report, the Court cannot find reason why Plaintiff could produce such crucial documentary evidence, nor does he clearly explain his reasons for failing to do so. At the summary judgment stage, it is not enough for Plaintiff to merely offer conclusory statements that he made a good faith effort to exhaust his administrative remedies.

Moreoever, as noted by Magistrate Judge Proud in the R&R,[3] Plaintiff fails to specify whether the CAO ever deemed his excessive force grievance an "emergency" grievance, upon receipt from Plaintiff. According to the proper procedure, if the CAO did not deem such grievance an "emergency," Plaintiff would then have to initiate the procedures for filing a standard grievance pursuant to **42 U.S.C. § 1997e(a)** and the Department's Rule 504F (*see* Doc. 52, Cravens Aff., ¶ 2).

---

[3] The R&R stated, in part:

> Assuming Plaintiff did file an emergency grievance directly with the [CAO], he does not specify whether the warden deemed his grievance an emergency, or not. However, it is axiomatic that if plaintiff appealed the grievance to the Administrative Review Board as he has stated, then the [CAO] must have denied the emergency grievance, in which event he is required to then pursue his grievance using the standard procedures, because Section 1997e(a) requires that *all* administrative remedies be exhausted. This is consistent with Cravens' affidavit indicating that no final grievance was found in the Administrative Review Board's records.

(Doc. 83, p. 5.)

There is no evidence he did so.  Because Plaintiff has not provided the Court with any evidence that he has properly exhausted his administrative remedies prior to filing this suit, save for Plaintiff's own subjective beliefs and conclusory allegations, the Court cannot allow Plaintiff's suit to continue – nor can it authorize Plaintiff an extension of time to properly exhaust his administrative remedies.  **See 42 U.S.C. § 1997e(a); *Perez*, 182 F.3d at 534-37; *Booth*, 532 U.S. at 739 (exhaustion of administrative remedies is required *before* a Plaintiff files suit regarding the grievance)**.

### III. CONCLUSION

For the reasons as discussed in this Order, Plaintiff has not provided evidence to defeat Defendant's legal argument that Plaintiff has failed to exhaust his administrative remedies regarding his excessive force grievance prior to filing this suit, pursuant to **42 U.S.C. § 1997e(a)**.  According to procedure, Plaintiff is entitled to receive a copy of all decisions and reports resulting from filing a written grievance and/or an emergency grievance.  Documentary evidence that should properly be within Plaintiff's possession is crucial to substantiate Plaintiff's argument that he properly followed and exhausted his administrative remedies – or at least made a good faith attempt.  Plaintiff fails to offer such documentary evidence, or give valid reason for its exclusion.  On the other hand, Defendant offers evidence proving a negative – that Plaintiff did *not*, in fact, exhaust his administrative remedies, as there is no record of Plaintiff's finalized grievance.

Therefore, as a matter of law, the Court finds that Defendant's Motion for Summary Judgment (Doc. 51) should be **GRANTED** and Plaintiff's claims against Defendant shall be **DISMISSED WITHOUT PREJUDICE**  As such, the Court **ADOPTS** the R&R (Doc. 83) in its entirety.

**IT IS SO ORDERED.**

Signed this 29th day of March, 2006.

/s/     David RHerndon
**United States District Judge**