IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HORACE J. GRIFFIN,**

   **Plaintiff,**

v.

**GUY D. PIERCE, et al.,**

   **Defendants.**                                              **Case No. 04-CV-110-DRH**

**ORDER**

**HERNDON, District Judge:**

   Plaintiff has filed a Motion seeking reimbursements of fees paid from his prison trust fund account in relation to the prosecution of this case for which he believes were paid in excess (Doc. 94). Plaintiff, acting *pro se*, was granted *in forma pauperis* status, whereby the Court allowed Plaintiff to pay a reduced filing fee of $14.74 and thereafter make monthly payments of 20% of his preceding month's income credited to his prison trust fund account until the $150.00 filing fee of is paid in full (Doc. 4). Plaintiff attaches an account statement of his prison trust fund account, showing the transaction and deposit activity for the time period of February, 2006 through April, 2006.

   It appears from both Plaintiff's explanation and the account statement that several amounts were deducted by the correctional facility from Plaintiff's account and paid towards Plaintiff's filing fee that were in excess of the 20% calculation (although it appears from the Court's financial records regarding Plaintiff

that one of the challenged payments was applied to another case entirely). Therefore, Plaintiff believes he is entitled to be reimbursed. While the Court agrees that the deductions were not paid in an amount equaling 20% of the preceding month's balance in Plaintiff's account, as stated in the Court's Order (Doc. 4), the payments at issue still apply toward the balance owed by Plaintiff for filing this action (and apparently, a different action, numbered A-05-3549). Therefore, the money was not completely paid in error.

If this debt was overpaid, then certainly Plaintiff would be entitled to be reimbursed. However, that is not the case – said money was paid to the balance of Plaintiff's pre-existing debts to the Court. Plaintiff does not cite to any authority supporting his request for reimbursement of money he still owes. Further, it is not the Court's place to oversee the administrative functions of the correctional facility where Plaintiff was housed at the time of the challenged payments.[1] As such, the Court does not find Plaintiff's Motion to be well-taken and is therefore **DENIED**.

**IT IS SO ORDERED.**

Signed this 3rd day of November, 2006.

/s/     David   RHerndon
**United States District Judge**

---

[1] On the other hand, Plaintiff's frustration that the Court's previous Order was not followed is noted – Plaintiff may, perhaps, initially address his concerns administratively and also attempt to confirm that the office responsible for making payments from Plaintiff's account has notice of the Order directing the 20% payments (Doc. 4).